**GENERAL ASSOCIATION BRANCH DAVIDIAN SEVENTH DAY ADVENTIST, Appellant,**

v.

**McLENNAN COUNTY APPRAISAL DISTRICT, McLennan County and Axtell Independent School District, Appellees.**

No. 10–85–213–CV.

Court of Appeals of Texas, Waco.

July 17, 1986.

Rehearing Denied Aug. 14, 1986.

George Roden, pro se.

Albert R. Kuehl, Douglas R. Bergen, Bergen & Crow, Waco, for appellees.

## OPINION

JAMES, Justice.

In this case the Plaintiff-Appellant General Association of the Branch Davidian Seventh Day Adventist brought suit against the Defendant-Appellees McLennan County Appraisal District, McLennan County, and Axtell Independent School District for a declaratory judgment holding that a certain 77½-acre tract of land owned by Plaintiff-Appellant be exempt from ad valorem taxes under the religious use provision of Section 11.20 of the State Property Tax Code. The subject tract of land is located in the northeastern part of McLennan County, in or near the community of Elk, Texas.

Plaintiff-Appellant applied for an exemption from ad valorem taxes with the McLennan County Appraisal District, whereupon said District granted an exemption for a two-acre tract of said 77½ acres upon which was located a tabernacle, parsonage, and administrative building. An exemption for the remaining 75½ acres was denied by the Appraisal District.

Trial was before the court without a jury, after which the trial court entered judgment in favor of the Defendants, from which Plaintiff appeals. We affirm.

The trial court made findings of fact and conclusions of law as follows:

"Findings of Fact

"1. That the Plaintiff is the owner of a 77.5 acre tract of land located in the community of Elk in the Northeastern part of McLennan County, Texas.

"2. That the administrative, Tabernacle and Parsonage buildings located on two acres of land are used for religious worship.

"3. That two acres of the 77.5 acre tract are reasonably necessary for engaging in religious worship.

"4. That 75.5 acres of the 77.5 acre tract of land owned by the Plaintiff is used for agricultural education and related agricultural activities.

"Conclusions of Law

"1. The 75.5 acre tract of land owned by Plaintiff is not exempt from ad valorem taxes under the provisions of Section 11.20 of the Texas State Property Tax Code.

"2. That the 75.5 acres of land is subject to ad valorem taxes as they may be assessed and levied by the Axtell Independent School District and the County of McLennan."

Plaintiff-Appellant comes to this court on five points of error, none of which raise issues that were before the trial court. Plaintiff pleaded this suit only upon the hypothesis that it was exempt from ad valorem taxes because it was a religious organization qualifying as such under Section 11.20 of the State Property Tax Code.

In its first point of error, Plaintiff-Appellant argues the trial court erred in its failure to recognize that a church (such as Plaintiff) could not have more than one minister. This issue was not raised by the pleadings and no evidence was presented to the court on this issue.

By its second point of error Plaintiff-Appellant asserts the trial court erred in failing to recognize Plaintiff-Appellant as a religious organization. This was not an issue, since there was no question but that Plaintiff-Appellant was a religious organization.

In point of error three Plaintiff-Appellant claims an exemption should have been granted under Section 11.19 of the State Property Tax Code, contending that Plaintiff-Appellant was a "Youth Spiritual, Mental, and Physical Development Association." Here again the pleadings did not raise such issue and the trial court made no finding concerning such issue.

Plaintiff-Appellant's fourth point of error asserts the subject property was tax-exempt under Section 11.21 of the State Property Tax Code as a "School". This issue was likewise not raised by the pleadings and no finding concerning such issue was made by the trial court.

By its fifth and final point of error Plaintiff-Appellant states that it was denied freedom of religion and equal protection of the laws under the Constitution of the United States. The record before us does not support either of such complaints.

Our Supreme Court in *Davies v. Meyer* (Tex.1976) 541 S.W.2d 827 at page 829 lays down the following two rules of construction that have particular applicability to the case at bar:

(1) That claims for tax exemptions are strictly and narrowly construed.

(2) What constitutes an "actual place of religious worship" as those words are used in the Texas Constitution and statutes is a fact issue which the claimant has the burden to prove.

In the case at bar, Plaintiff-Appellant failed to convince the fact finder that all 77.5 acres of the subject real estate were entitled to an exemption. Under the record before us, we are of the opinion and hold that the trial court was authorized to find as it did.

Plaintiff-Appellant's evidence was to the effect that the religious beliefs were patterned after the early Jewish church, in that the land was held to be sacred and used for the purposes of the health and education of and for the people. It was further shown that members of the Association lived on the land and raised crops for their personal use. Religious worship was held in the individual homes as well as in the church building. The land was not used except for some small garden plots consisting of about two acres in all since the year 1982. The only use of the land during all the time in question was as a range for animals owned by the Association, and for walking, health, welfare, and education of its members.

Article VIII, Section 2 of the Texas Constitution in its pertinent parts provides:

"Sec. 2 ___ but the Legislature may, by general laws, exempt from taxation ___ actual places of religious worship, also any property owned by a church or by a strictly religious society for the exclusive use as a dwelling place for the ministry of such church or religious society, and which yields no revenue whatever to such church or religious society; provided that such exemption shall not extend to more property than is reasonably necessary for a dwelling place and in no event more than one acre of land; ___ and all laws exempting property from taxation other than the property mentioned in this Section shall be null and void."

Section 11.20 of the Property Tax Code of the State of Texas in its pertinent parts provides:

"Section 11.20. Religious Organizations

"(a) An organization that qualifies as a religious organization as provided by Subsection (c) of this section is entitled to an exemption from taxation if:

"(1) the real property that is owned by the religious organization, is used primarily as a place of regular religious worship, and is reasonably necessary for engaging in religious worship;

\* \* \* \* \* \*

"(3) the real property that is owned by the religious organization and is reasonably necessary for use as a residence (but not more than one acre of land for each residence) if the property:

"(A) is used exclusively as a residence for those individuals whose principal occupation is to serve in the clergy of the religious organization; and

"(B) produces no revenue for the religious organization; ...

There is a difference between a place which is used for religious purposes and a place of actual worship. See *Davies v. Meyer* (Tex.1976) 541 S.W.2d 827 at page 830 for an excellent discussion and citation of authorities concerning this distinction.

Judgment of the trial court is affirmed.

AFFIRMED.