Lisa Martinez PAUL and Steven
Edward Martinez,
Appellants,

v.

MERRILL LYNCH TRUST COMPANY
OF TEXAS, Acting in the Capacity of
Independent Executor of the Estate of
Jose Eduardo Martinez, Deceased, and
Toni Wasson Salvaggio Martinez, Ap-
pellees.

No. 10–04–00185–CV.

Court of Appeals of Texas,
Waco.

Dec. 14, 2005.

Karen L. Watkins, McGinnis, Lochridge & Kilgore, Mary E. Haught, Ikard & Golden PC, Austin, for appellants.

James H. Stilwell, William T. Miller & Kendall M. Gray, Andrews & Kurth, The Woodlands, Billy M. Payne, Payne Watson Miller & Malechek PC, Bryan, for appellees.

Billy M. Payne, for Toni Wasson Martinez.

Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.

## OPINION

BILL VANCE, Justice.

Appellants Lisa Martinez Paul (Lisa) and Steven Edward Martinez (Steve) (collectively Appellants) raise four issues complaining of a probate court's rulings on the characterization of a gun collection and on attorney's fees. We will modify the pro-

bate court's judgment and affirm it as modified.

## Factual Background

At the time of his death on August 25, 2002, Jose Eduardo Martinez (Ed) was married to Appellee Toni Wasson Martinez (Toni). As an accident reconstruction expert, Ed had amassed a multi-million dollar estate that included a large home in College Station, 594 acres of land, at least twelve motor vehicles, multiple businesses, stocks and bonds, jewelry, a watch collection, and a large gun collection.

Two documents govern the disposition of Ed's property. Ed and Toni had entered into a premarital agreement in 1996 (reaffirmed as a marital agreement soon after their marriage) providing that the undefined "contents of the home" became the property of the survivor of the parties (Toni, in this case) in the event of death. On November 29, 2000, Ed executed a will that was later amended by a codicil executed on August 21, 2001. The residuary of Ed's property—the property other than the "contents of the home"—passes under the will and, after several specific bequests to his children are deducted, "pours over" in a family trust. The will does not otherwise refer to Ed's tangible personal property.

Toni is the primary beneficiary of the trust, having only an income interest. Appellants—Ed's adult children from a previous marriage—receive the remainder of the trust when it terminates because Toni dies or remarries or cohabits with a man. In his will, Ed appointed Appellee Merrill Lynch Trust Company of Texas (now known as Merrill Lynch Trust Company FSB) to be the sole independent executor of his estate—without court intervention and without bond—and the sole trustee of the trust.

The will contains a "no-derivative action" clause that explicitly prohibits Appellants from bringing any derivative cause of action, particularly "any derivative cause of action to collect damages on behalf" of Ed's estate or the trust. The will also contains an *"in terrorem* clause" forfeiting all gifts, even if a beneficiary's challenge to the dispositions under the will "was taken in good faith and with probable cause."[1] However, the will gave Lisa the power to seek removal of Merrill Lynch as "the current fiduciary" and appointment of a replacement fiduciary.

In early to mid-September 2002, after Merrill Lynch accepted the estate as a client but before it qualified as executor, Scott Luhnau, Merrill Lynch's representative, began inspecting and identifying the estate's property. Luhnau drove to College Station, inspected the home and cars, and had the guns and jewelry appraised. He met with Toni, who told him that Ed had told her that she was to receive "all the cars" and "everything in the house." Toni testified that Luhnau told her that she would not be making decisions on the property. Toni had previously gone to Ed's office and removed all of his personal property and mementos, storing them in boxes as requested by Merrill Lynch.

Faced with the marital agreement's disposition language and the will, Merrill Lynch, as independent executor, had to determine Ed's intent and decide what personal property (the "contents of the home") went to Toni under the marital agreement and what property passed under the will to the estate and into the trust (property other than the "contents of the

---

1. An *"in terrorem* clause," also called a no-contest clause, is a "testamentary provision that threatens to dispossess any beneficiary who challenges the terms of a will." BLACK's LAW DICTIONARY 1073 (8th ed.2000).

home"). After discussions with Toni and with some of Ed's business associates, including his bookkeeper, Merrill Lynch distributed to Toni some of the property that Appellants later contested. In its disposition of Ed's property, Merrill Lynch defined "contents of the home" as tangible personal property contained in or associated with the residence structure and lot, and tangible non-business personal property wherever located or usually located. Merrill Lynch concluded that Toni was entitled to the following property: eight vehicles;[2] a watch collection and jewelry; and a gun collection that was being kept at Ed's office in a gun safe.[3] With respect to vehicles that Toni had sold, Merrill Lynch had Toni place the proceeds in a separate Merrill Lynch account pending the resolution of the brewing dispute over the property.

## Procedural Background

Appellants sued Merrill Lynch in November 2003. Their live pleading at the time of trial (Plaintiffs' Fifth Amended Original Petition) essentially claimed that Ed's will revoked his marital agreement with Toni and that Toni was not entitled to any of Ed's property as the "contents of the home." Appellants alleged that Merrill Lynch committed gross misconduct and gross mismanagement by transferring property to Toni, and they sought removal of Merrill Lynch as independent executor and disgorgement of its executor fee ($175,000). They sought actual damages (approximately $625,000) on behalf of the estate caused by Merrill Lynch's (1) alleged failure to collect and gather all of the estate's property and place it in the trust, and (2) alleged breach of fiduciary duties under sections 230 and 233 of the Texas Probate Code. Appellants asked for exemplary damages of $500,000 and attorney's fees. Appellants did not request a declaratory judgment or construction of any will provisions.

Merrill Lynch filed a counterclaim that added Toni as a third-party defendant. Its live pleading at the time of trial (Fifth Amended Counterclaim in the Form of Petition for Relief, Declaratory Judgment and Constructive Trust) sought resolution of the contested property in light of the provisions in the marital agreement and the will, along with recovery of attorney's fees. Merrill Lynch specifically asked the court to construe the marital agreement's provision at issue, to declare the owners of the contested property, to impose a constructive trust on any property improperly given to Toni, and to award it attorney's fees under the Declaratory Judgments Act.[4] Alleging that it was defending in good faith Appellants' claim to remove it as independent executor, Merrill Lynch sought to recover its attorney's fees under section 149C(c) of the Probate Code. Mer-

2. Those eight vehicles were: two Ferrari road cars parked in their usual place in the marital home's garage; a 2002 Porsche that was usually parked in the garage but was out for repairs; a personal-use Ford Explorer usually parked either at the home or office; a personal-use Subaru parked at the office; a 2001 Porsche and a 1995 Ferrari given to Toni as gifts; and Toni's personal Mercedes parked at the home.

3. Luhnau had Toni sign a receipt and release dated October 31, 2002, pertaining to all of Ed's property that she had received: the con-

tents of the home, including a gun collection and a watch collection; a 2001 Ferrari 360 Spider Modena; a 2000 Ferrari 550 Maranello; a 2002 Porsche 911 Turbo; a 1999 Ford Explorer; and a 2002 Subaru Impreza.

4. During trial, the probate court granted in part Appellants' motion to dismiss by written order, dismissing Merrill Lynch's claim for declaratory relief as to the contested property, the trust, or Toni, and dismissing Merrill Lynch's claim for attorney's fees to the extent it was based on the Declaratory Judgments Act.

rill Lynch also alleged that Appellants were precluded from bringing their alleged derivative action by the no-derivative action clause and the *in terrorem* clause and that they lacked standing under these clauses as a result of their bringing claims.

Toni's original answer was a general denial. She subsequently filed a motion for leave to file a trial amendment to allege a claim for attorney's fees, and the probate court granted Toni leave.

At trial, the parties focused on twelve categories of property that Appellants contended were trust property (rather than "contents of the home") and on which Merrill Lynch sought declaratory judgment and a constructive trust imposed on Toni if necessary. Eight of those twelve categories were cars. The remaining categories were: (1) the contents of the home; (2) the contents of Ed's office; (3) Ed's gun collection; and (4) Ed's watch collection and jewelry.[5] At the close of Appellants' case-in-chief, the probate court granted Merrill Lynch's motion for judgment in part and ordered that Appellants take nothing on their damage claims on three of the cars,[6] the contents of the home,[7] and exemplary

damages against Merrill Lynch based on fraud, specific-intent malice, and bad faith.

After a four-day trial, the probate court entered a final judgment that Appellants take nothing on all of their remaining claims, rejecting Appellants' claims to remove Merrill Lynch as independent executor and to disgorge any fees and Appellants' claim for exemplary damages based on conscious-indifference malice. The trial judge issued a helpful 52–page Memorandum Opinion that formed the basis for its subsequent 29 pages of findings of fact and conclusions of law.

On the other contested cars, the probate court found that the 1995 Ferrari 355 Challenge was a gift from Ed to Toni. It ruled that the other four cars are personal property of the estate and should pass to the trust as follows: (1) the 2001 Ferrari Spider; (2) the 2002 Porsche 911 Turbo; (3) the 2002 Subaru Impreza; and (4) the 1999 Ford Explorer. These four vehicles were all titled in Ed's name, and because they all were personal property that required a title for transfer,[8] the probate court ruled that they were not "contents of the home."[9]

---

5. At the start of the trial, Appellants amended their pleading to remove the jewelry and the watch collection as contested assets. The probate court thus found that the jewelry and the watch collection were contents of the home, not trust property.

6. Specifically, the probate court granted Merrill Lynch's motion for judgment without objection by Appellants on their damage claims as to these three cars: (1) the 2000 Ferrari 550 Maranello (whose debt exceeded its value and which had been surrendered); (2) the 2001 Porsche 911 (whose debt exceeded its value); and (3) the Mercedes ML 55–AMG, for which no title evidence was adduced and which Toni claimed as her personal car.

7. On two grounds the probate court ruled against Appellants that all of Ed's personal property that could be "contents of the home" passed to the trust: (1) applying section 4.005

of the Family Code, the will did not revoke Ed and Toni's marital agreement; and (2) the marital agreement was not an invalid testamentary transfer of Ed's *entire* estate under section 450 of the Probate Code.

8. The probate court found that "contents of the home" was ambiguous, so it utilized section 58 of the Probate Code in ruling on the cars. That section defines "contents" as "tangible personal property, other than titled personal property, found inside of or on a specifically bequeathed or devised item." Tex. Prob.Code Ann. § 58(d)(1) (Vernon 2003). And it defines "titled personal property" to include motor vehicles. *Id.* § 58(d)(2).

9. Toni testified that Ed had given the Explorer to his stepdaughter Nina (Toni's child from a previous marriage) but that she could not drive it until she entered college. Because a

As for the contents of Ed's office—posters, diplomas, pictures, model cars, etc. that had a *de minimis* value—that were being stored by Toni, no damages were sought by Appellants, but the probate court found that this property was an estate asset and should pass to the trust. The probate court imposed a constructive trust on the contents of Ed's office and the four cars found to belong to the estate, or on the proceeds from the sale of these assets, and Toni was ordered to deliver these assets or their proceeds to Merrill Lynch within thirty days.

The probate court found that the estate had suffered no damage, did not lose the value of any of the contested property, and did not lose the property itself from the decisions that Merrill Lynch made on what property was "contents of the home." The probate court found that Merrill Lynch's decisions on the contested property were made in good faith and that it successfully defended Appellants' action to remove it as independent executor in good faith. Merrill Lynch was, however, ordered to post a $300,000 bond to protect the estate's beneficiaries.

The probate court concluded that Ed's gun collection was being temporarily stored at Ed's business and that it was Ed's intention to keep it in the home. Thus, it came within the "contents of the home" and was not the property of the estate; Appellants were to take nothing on their damage claim relating to the gun collection.

On Merrill Lynch's claim that Appellants were violating the will's no-derivative action and *in terrorem* clauses, the probate court ruled that Appellants violated the no-derivative action clause in part by filing a derivative action for damages on the estate's behalf, in violation of the *in terrorem* clause, but that Appellants had filed the action in good faith and with probable cause and they did not forfeit the bequests to them in the will. Merrill Lynch does not appeal that ruling.

The probate court found that Appellants were not entitled to recover their attorney's fees, reasoning that they did not prevail on their removal and disgorgement claims, that they prevailed on only five of the twelve categories of property that Merrill Lynch had determined were "contents of the home," but even on those five categories, Merrill Lynch's determinations were within a zone of reasonable disagreement. The probate court also noted that Appellants had failed in their attempt to recover exemplary damages.

Merrill Lynch was awarded attorney's fees from the estate in the sum of $153,246.32 at trial, an additional attorney's fee of $15,000 if Appellants unsuccessfully appeal to the court of appeals, and an additional attorney's fee of $8,000 if Appellants unsuccessfully appeal to the Supreme Court of Texas.

Toni was awarded attorney's fees from Appellants in the sum of $46,764.80 at trial, an additional attorney's fee of $15,000 if Appellants unsuccessfully appeal to the court of appeals, and an additional attorney's fee of $8,000 if Appellants unsuccessfully appeal to the Supreme Court of Texas. Court costs were taxed against Appellants.

## Issues

Appellants' four issues are whether the probate court erred: (1) in concluding that the gun collection was among the "contents of the home," rather than property of

---

rift developed between Ed and Nina, in his codicil Ed deleted a $100,000 bequest to Nina and deleted practically every reference to

Nina. The probate court thus concluded that Ed never "delivered" the Explorer to Nina as a gift.

the trust; (2) in denying Appellants recovery of their attorney's fees; (3) in awarding Merrill Lynch attorney's fees; and (4) in awarding Toni attorney's fees.

## Analysis

### The Gun Collection

■ Regarding Appellants' first issue on the gun collection, Merrill Lynch prefaces its response with an assertion that Appellants do not have standing and have not preserved their complaint because they did not seek in the probate court the relief that they now seek on appeal. Merrill Lynch correctly notes that it—not Appellants—pled claims for declaratory relief (later dismissed by the probate court) and constructive trust relating to the gun collection. Appellants did not sue Merrill Lynch or Toni for return of the gun collection to the estate by imposition of a constructive trust or for a declaratory judgment on the ownership of the gun collection. While they did plead in the probate court that Merrill Lynch had improperly transferred the gun collection to Toni in breach of its fiduciary and statutory (Probate Code section 233) duties, Appellants sought only money damages for these alleged breaches and Merrill

Lynch's removal and fee disgorgement. Appellants lost on these claims in the trial court and have not appealed these adverse rulings.

In their first issue, Appellants are indirectly attempting to do on appeal what they did not do in the probate court so as to avoid violating the will's no-derivative action and *in terrorem* clauses.[10] In their brief, Appellants state that they "challenge the trial court's determination that certain guns which were always stored in a gun safe at Dr. Martinez's office should be considered 'contents of the home,' and not included in the assets of the estate." They ask us to find that the probate court's characterization of the gun collection as "contents of the home" was error, to reverse the judgment in that respect, and to render judgment imposing a constructive trust on the gun collection and the proceeds of any gun sales. As noted above, it was Merrill Lynch that asked the probate court to impose a constructive trust on any property improperly given to Toni.

■ A party cannot complain on appeal about a trial court's failure to award relief when the party never pled for that relief in the trial court.[11] Nor can a party

10. The probate court found that Appellants had violated the no-derivative action clause in part but nonetheless did not forfeit Appellants' bequests under the will. No issue about these rulings is presented on appeal.

11. A claim, issue, or allegation may not be raised for the first time on appeal. *Adams v. First Nat'l Bank*, 154 S.W.3d 859, 871 (Tex. App.-Dallas 2005, no pet.) ("A claim that was not presented to the trial court cannot be considered on appeal."); *Carrizales v. Tex. Dep't Prot. & Reg. Servs.*, 5 S.W.3d 922, 925 (Tex.App.-Austin 1999, pet. denied) ("As a rule, a party may not raise an issue, even a constitutional claim, for the first time on appeal."); *General Ass'n Branch Davidian Seventh Day Adventist v. McLennan County Appraisal Dist.*, 715 S.W.2d 391, 393 (Tex.App.-

Waco 1986, no writ) (issue may not be raised for first time on appeal); *see also California Dep't of Mental Hygiene v. Bank of the Southwest, N.A.*, 163 Tex. 314, 354 S.W.2d 576, 581 (1962) ("An allegation raising this contention is not contained in petitioner's pleadings and was not raised in the trial court. The issue cannot be raised for the first time on appeal.").

Additionally, Appellants' general prayer for relief in their petition is insufficient to cure the absence of the specific claim and relief that they are seeking for the first time on appeal; a general prayer for relief must be consistent with the claims in the petition. *See Kissman v. Bendix Home Sys., Inc.*, 587 S.W.2d 675, 677 (Tex.1979) ("Only the relief consistent with the theory of the claim reflected in the petition may be granted under a

complain about relief not awarded to another party; that party lacks standing to make such a complaint. The relief that Appellants seek on appeal is the relief that the probate court refused to grant Merrill Lynch at trial—the imposition of a constructive trust on the gun collection or on proceeds from any gun sales. In the probate court, Appellants sought only damages from Merrill Lynch for its delivery of the gun collection to Toni. Appellants lack standing to seek constructive trust relief on appeal.

Furthermore, Appellants plainly did not plead a cause of action for return of the gun collection, for declaratory relief regarding the gun collection, or for imposition of a constructive trust on the gun collection. In addition to lacking standing to request the relief that was not awarded to Merrill Lynch, Appellants also have not preserved their complaint for appeal. TEX. R.APP. P. 33.1(a). We overrule their first issue.

*Appellants' Attorney's Fees*

Section 245 of the Probate Code provides for the recovery of reasonable attorney's fees incurred in obtaining compliance regarding any statutory duty that the personal representative has neglected. TEX. PROB.CODE ANN. § 245 (Vernon Supp.2005). Arguing that because the probate court imposed a constructive trust on five of the twelve categories of contested property as a result of Merrill Lynch's alleged neglect, Appellants in their second issue complain that the trial court abused its discretion in refusing to award them their attorney's fees.

■■■ An appellate court reviews a trial court's decision on the award of attorney's fees for an abuse of discretion. *Bocquet v.*

*Herring,* 972 S.W.2d 19, 21 (Tex.1998). "Whether to award attorney's fees, and to which party, is a decision that is solely within the trial court's discretion and will not be reversed absent a clear abuse of that discretion." *Sammons v. Elder,* 940 S.W.2d 276, 284 (Tex.App.Waco 1997, writ denied). A trial court abuses its discretion when it acts "without reference to any guiding rules or principles," or stated another way, when the trial court acts in an arbitrary and unreasonable manner. *City of San Benito v. Rio Grande Valley Gas Co.,* 109 S.W.3d 750, 757 (Tex.2003) (quoting *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 242 (Tex.1985)). An abuse of discretion does not occur when a trial court bases its decision on conflicting evidence. *Goode v. Shoukfeh,* 943 S.W.2d 441, 446 (Tex.1997); *Davis v. Huey,* 571 S.W.2d 859, 862 (Tex.1978).

■■■ The probate court specifically concluded that Merrill Lynch did not fail to use due diligence in recovering property belonging to the estate. And the probate court noted that on the five times that it disagreed with Merrill Lynch on the categorization of property as estate property or "contents of the home," those disagreements were within the zone of reasonable disagreement and amounted to approximately only 7% of the value of the entire estate. Merrill Lynch adds that it was not Appellants, but Merrill Lynch, which initially sued for a constructive trust and for declaratory relief on the contested property. Additionally, in its decision to deny Appellants recovery of their attorney's fees, the probate court emphasized that Appellants had lost on their claims to remove Merrill Lynch and to disgorge its executor's fee. On the other hand, the probate court found that in some instances

general prayer."); *Stoner v. Thompson,* 578 S.W.2d 679, 684 (Tex.1979) (general prayer for relief cannot "enlarge a pleading to the

extent that it embraces an entirely different cause of action for which fair notice does not exist.").

Merrill Lynch's conduct deviated from the ordinary standard of care and in some instances may have been inadvertent, but the conduct did not rise to the level of willful, malicious, or bad-faith conduct.

Based on the above and on the probate court's extensive and careful consideration of all the evidence and claims in this case, we cannot say that the probate court abused its discretion in refusing to award Appellants attorney's fees. Appellants' second issue is overruled.

*Merrill Lynch's Attorney's Fees*

■ Appellants' third issue challenges the probate court's award of attorney's fees to Merrill Lynch. The probate court found that Merrill Lynch defended Appellants' removal action in good faith and was entitled to recover its attorney's fees under section 149C(c) of the Probate Code. That section permits an independent executor to recover necessary expenses, including attorney's fees, if it defends an action for removal in good faith, "whether successful or not." TEX. PROB.CODE ANN. § 149C(c) (Vernon 2003). "[A]n executor acts in good faith when [it] subjectively believes [its] defense is viable, if that belief is reasonable in light of existing law." *Lee v. Lee*, 47 S.W.3d 767, 795 (Tex.App.-Houston [14th Dist.] 2001, pet. denied).

Merrill Lynch prevailed on Appellants' claim to remove it as independent executor for alleged gross misconduct or gross mismanagement. Appellants have not appealed the probate court's ruling on their removal claim. Appellants' brief points out several instances of Merrill Lynch's conduct that served as the basis for their removal claim, but those instances do not pertain to Merrill Lynch's defense of the removal action in good faith. Moreover, Appellants do not point to any actual harm that they suffered, and the probate court specifically found that the estate suffered no actual harm or damages from Merrill

Lynch's incorrect categorization of some of the contested property.

The probate court did take issue with the reasonableness of Merrill Lynch's interpretation that the phrase "contents of the home" included "personal property wherever located," but in finding that Merrill Lynch defended the action in good faith, the court noted that the estate was not harmed and again that Merrill Lynch's disagreements were reasonable. The probate court did not abuse its discretion in awarding Merrill Lynch attorney's fees. We overrule Appellants' third issue.

*Toni's Attorney's Fees*

Finally, in their fourth issue, Appellants complain of the probate court's award of attorney's fees to Toni, recoverable from Appellants. They assert that the probate court abused its discretion in granting Toni leave to file a trial amendment, that no legal basis for the award exists, and that Toni did not substantially prevail.

In Appellants' earlier, superseded petitions, they specifically sued Merrill Lynch for declaratory relief on the terms of the will and the marital agreement, alleging that Toni had forfeited her benefits under the will because of her alleged violations of the *in terrorem* clause. But in their live trial pleading, Appellants were not requesting a declaratory judgment or construction of any will provisions.

In response to Appellants' suit, Merrill Lynch filed a counterclaim, adding Toni as a third-party defendant and seeking declaratory relief on the property being contested by Appellants. As noted above, during trial the probate court dismissed the part of Merrill Lynch's counterclaim that sought declaratory relief and attorney's fees under the Declaratory Judgments Act.

At the time of trial, Toni's answer consisted of only a general denial. She thus filed a motion for leave to file a trial amendment to allege a claim for attorney's fees, and the probate court granted Toni leave. Toni's amended answer requested an award of attorney's fees "as are reasonable and necessary to defend her against the claims of the Plaintiff [Appellants] and Defendant [Merrill Lynch]." Toni did not seek declaratory or any other affirmative relief.

Thus, no party was seeking declaratory relief under the Declaratory Judgments Act or attorney's fees under the Act at trial. *See* TEX. CIV. PRAC. & REM.CODE ANN. §§ 37.001–.011 (Vernon 1997 & Supp.2005). A prevailing party cannot recover attorney's fees from an opposing party unless permitted by statute or a contract between the parties. *Holland v. Wal–Mart Stores, Inc.*, 1 S.W.3d 91, 95 (Tex.1999). Section 37.009 provides that "[i]n any proceeding *under this chapter*, the court may award costs and reasonable and necessary attorney's fees as are equitable and just." TEX. CIV. PRAC. & REM.CODE ANN. § 37.009 (emphasis added).

The probate court found that Appellants' and Merrill Lynch's live pleadings implicitly sought declaratory relief;[12] as a basis for awarding Toni her attorney's fees, it relied on *Edwards Aquifer Auth. v. Bragg*, 21 S.W.3d 375, 381 (Tex.App.-San Antonio 2000) (court has discretion to construe pleading as containing implicit request for declaratory judgment), *aff'd*, 71 S.W.3d 729 (Tex.2002). *Bragg* does not address, however, either the propriety of an attorney's fee award to any party or whether a claim the implicitly requests declaratory relief can properly be treated as a claim under Chapter 37.

Because this case does not involve any claims under Chapter 37, there was no legal basis to award Toni attorney's fees, and the probate court erred in awarding Toni attorney's fees under Chapter 37. We sustain Appellants' fourth issue.

## Conclusion

We delete from the probate court's final judgment the award of attorney's fees to Toni. Because Appellants have been unsuccessful as to Merrill Lynch in this appeal, Merrill Lynch is entitled to recover an additional attorney's fee of $15,000 from the estate. As modified, the judgment is affirmed.

---

12. Given the issues in this case involving construction of the will and the marital agreement, the probate court necessarily had to construe and interpret these documents. *See* TEX. PROB.CODE ANN. § 5(f) (Vernon 2003) (probate court has "power to hear all matters incident to an estate"); *id.* § 5A(a) ("incident to an estate" includes "actions to construe will"); *see also McRae Exploration & Prod. Co. v. Reserve Petroleum Co.*, 962 S.W.2d 676, 684–85 (Tex.App.-Waco 1998, pet. denied) (reversing attorney's fee award because suit was action for trespass to try title, not for declaratory judgment).