IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-07-00094-CV

 

Van Lee Brewer,

                                                                                    Appellant

 v.

 

Jason Simental, et al,

                                                                                    Appellee

 

 

 



From the 278th District Court

Walker County, Texas

Trial Court No. 23325

 



ORDER



 

            Van Brewer, an inmate, appeals the
trial court’s March 13, 2007 dismissal order of his civil-rights suit. 
Brewer’s notice of appeal was filed in the trial court on March 23, 2007.  It
appears that Brewer tendered an indigence affidavit (dated March 21, 2007) with
his notice of appeal to the trial court clerk, who notified Brewer that he
needed to provide an indigence affidavit with a certified copy of his
inmate trust fund account statement for the last six months.  Brewer wrote to
the clerk that he had tendered an indigence affidavit and provided another copy
of it to the clerk; the clerk responded, acknowledging receipt of Brewer’s
indigence affidavit but again insisting that the clerk must have a certified
copy of his inmate trust fund account statement for the last six months.

            As a result of this dispute, Brewer
filed with us a second notice of appeal titled “Notice of Appeal of Melissa
Mikes’ Improper Contest of Affidavit of Indigence.”  At that point in time, we
were unable to ascertain what order or action Brewer was complaining of and seeking
to appeal, so we wrote to Brewer:

A notice of appeal must state the date of the
judgment or order appealed from.  Tex.
R. App. P. 25.1(d)(2).  Your April 6, 2007 Notice of Appeal fails to
comply with Rule 25.1(d)(2).  

 

Accordingly, you are notified that the Court may
dismiss the appeal of “Melissa Mikes’ Improper Contest of Affidavit of
Indigence” unless, within 21 days from the date of this letter, an amended
notice of appeal is filed identifying what order or judgment you are appealing
and showing grounds for continuing the appeal of “Melissa Mikes’ Improper
Contest of Affidavit of Indigence.”

 

            Because we had not received notice of
Brewer’s indigence and because the clerk’s record had apparently not been filed
because of Brewer’s dispute with the trial court clerk, around the same time we
notified Brewer that his appeal would be dismissed for want of prosecution if
he failed to pay for or to arrange for payment of the clerk’s record.  Brewer’s
response to our letters and the trial court clerk’s actions was an original
proceeding in the supreme court.

            We find that Brewer has established
his indigence for purposes of this appeal.  He filed his indigence affidavit
with his notice of appeal in the trial court, and no timely contest was filed. 
Tex. R. App. P. 20.1(c)(1), (f). 
Accordingly, Brewer may proceed without advance payment of costs.[1] 
Tex. R. App. P. 20.1(a), (f), (j). 
It is ordered that the clerk’s record and any reporter’s record shall be
filed no later than thirty days after the date of this order.

 

                          
                                             

PER CURIAM

 

Before Chief Justice
Gray,

Justice
Vance, and

Justice
Reyna

(Chief
Justice Gray dissenting)

Indigence
established; record due in 30 days

Order issued and filed
May 23, 2007

Do not publish









[1]               Chapter 14 of the Civil Practice
and Remedies Code governs indigent inmate litigation and provides that an
inmate shall file, in addition to an indigence affidavit, a certified copy of
the inmate’s trust account statement with the inmate’s affidavit of previous
filings.  Tex. Civ. Prac. & Rem.
Code Ann. §§ 14.004(a), (c), 14.006(f) (Vernon 2002).  But we find no
provision that requires the filing of an inmate trust account statement with
the inmate’s indigence affidavit for costs of appeal.  Compare Tex. R. App. P. 20.1 with Tex. Civ. Prac. & Rem. Code Ann. §§
14.004(a), (c), 14.006(f).








t;line-height:200%;font-family:Verdana'> We construe this argument as a challenge to the
denial of his motion to recuse, which we review for abuse of discretion.  See Tex. R. Civ. P. 18a(f).

Other than his own subjective testimony, Treis has
presented no evidence demonstrating any impartiality, personal bias, or
prejudice on the part of the trial judge.  He improperly assumes that the trial
judge is prejudiced and cannot be impartial.  See Woodruff v. Wright, 51 S.W.3d 727, 738 (Tex. App.—Texarkana 2001,
pet. denied) (“recusal is
not required merely because the trial judge knows the defendant, or even because the defendant (who
was for some time the only heart surgeon in this region) performed surgery on a
family member of the judge”); see also In the Interest of J.E.L.,
No. 09-98-457 CV, 1999 Tex. App. Lexis 5237, at *18-19 (Tex.
App.—Beaumont July 15, 1999, no pet.) (not designated for publication) (“Other than appellant’s bare assertions of a
lack of impartiality,
which are not supported by any facts, there is no evidence in the record
indicating the trial judge was impartial”).  Accordingly, we cannot say that the
assigned judge abused his discretion by denying Treis’s motion to recuse the
trial judge.  We overrule Treis’s complaint that the trial judge should have
been recused.

            The judgment is affirmed.

    

            








FELIPE REYNA

Justice

 

Before Chief Justice
Gray,

Justice
Vance, and

Justice
Reyna

(Chief
Justice Gray concurs in the judgment but does not join the opinion of the Court. 
A separate opinion will not issue.)

Affirmed 

Opinion delivered and
filed June 18, 2008

[CV06]

 









[1]               Treis also contends that the trial
judge failed to comply with 5 U.S.C. § 3331, which requires individuals elected
or appointed to “an office of honor or profit in the civil service or uniformed
services” to take an oath of office.  5 U.S.C.S. § 3331 (LexisNexis 1994). 
However, this section applies to federal employees.  See 5 U.S.C.S. § 2101(1) (LexisNexis 1994) (“‘civil service’ consists of all appointive
positions in the executive, judicial, and legislative branches of the Government
of the United States”).

 





[2]               We note also that
these documents are not part of the appellate record and may not be considered. 
See Nguyen v. Intertex, Inc., 93 S.W.3d 288, 292-93 (Tex.
App.—Houston [14th Dist.] 2002, no pet.).

 





[3]               On appeal, Treis also
complains that the trial judge should have recused himself because he: (1)
ruled against mediation and refused to answer Treis’s questions during voir
dire; and (2) he has “ties” with the father of Treis’s trial counsel.  Because
these allegations are raised for the first time on appeal, we will not address
them.  See Paul
v. Merrill Lynch Trust Co., 183 S.W.3d 805, 812 n.11 (Tex. App.—Waco 2005, no pet.) (“A claim, issue, or allegation may
not be raised for the first
time on appeal”); see also Gulf Maritime Warehouse Co. v.
Towers, 858
S.W.2d 556, 559 (Tex. App.—Beaumont 1993, writ denied) (“recusal may be waived if not
raised by proper motion”).