IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-09-00236-CV

 

Dr. Steven Leon Gates, D.O. and/or 

Dr. Steven Leon Gates, D.O., P.A.,

                                                                                    Appellants

 v.

 

Jack Thomas Altaras,

                                                                                    Appellee

 

 



From the 413th District Court

Johnson County, Texas

Trial Court No. C200800182

 



ORDER










 

            In July of 2008, Steven Leon Gates,
D.O. and/or Dr. Steven Leon Gates, D.O., P.A. appealed the trial court’s June 27, 2008 order denying Gates’s Objections to Plaintiff’s Expert Report and Motion to
Dismiss.  That appeal was assigned the appellate case number 10-08-00239-CV.  A clerk’s record was filed in that appeal.  The appeal was dismissed in
February of this year pursuant to an agreed motion to dismiss.

            Gates has now filed an appeal
challenging the trial court’s July 2, 2009 order denying Gates’s Objections to Plaintiff’s Amended Expert Report and Motion to Dismiss.  That appeal is assigned
the appellate case number 10-09-00236-CV.  Gates requested the preparation of the clerk’s record which designated specific items to be included in the clerk’s
record.  The trial court clerk prepared and filed what was designated a
“Supplemental Clerk’s Record.”  We filed this “supplemental” clerk’s record on August 4, 2009.  However, the “supplemental” clerk’s record did not include all of the
items designated by Gates.  

            In reviewing the clerk’s record filed
in case number 10-08-00239-CV, we have determined that the items omitted from
the “supplemental” clerk’s record in case number 10-09-00236-CV are those items contained in the clerk’s record filed in case number 10-08-00239-CV.  Accordingly, to avoid the delay caused by ordering a single complete clerk’s record,
we order the Clerk of this Court to transfer the clerk’s record from Gates’s
previous appeal in case number 10-08-00239-CV to the appeal in case number 10-09-00236-CV.  

            The complete clerk’s record is,
therefore, considered filed as of the date of this order.

                                                                        PER
CURIAM

Before
Chief Justice Gray,

            Justice
Reyna, and

            Justice
Davis

Order
issued and filed August 19, 2009






ogers failed to appear at the hearing at which the
court granted a temporary injunction against him.

Michael Rogers

10-06-00199-CV

 

We first address Rogers’s claims.  Rogers raises two issues on appeal. In issue one, he complains that the affidavit was
insufficient to support substituted service, and that he did not receive timely
notice of the injunction hearing. In his second issue, he argues that the trial
court erred in taking judicial notice of prior testimony.

The affidavit filed by DSA in support of its
motion for substituted service was sufficient.  Rogers complains that the
process server’s affidavit was conclusory in that it did not state how the
server received knowledge of Rogers’s residence and place of business.  However,
no such statement is required.  Pao v. Brays Village East Homeowners
Association, Inc., 905 S.W.2d 35, 37 (Tex. App.—Houston [1st Dist.] 1995,
no writ).  The trial court did not abuse of its discretion in granting the
motion for substituted service.

With regard to notice, Rogers complains that the
four days’ notice he received by mail for the temporary injunction hearing was
insufficient because Saturday and Sunday should not be counted.  Rule 21 requires
that parties receive three days’ notice of a hearing.  Tex. R. Civ. P. 21.  Under the plain language of Rule 4,
Saturday and Sunday are included in the three-day notice requirement.  Tex. R. Civ. P. 4.  Rogers failed to
argue and preserve the issue that he was entitled to an additional three days
notice because service was made by mail.  Tex.
R. Civ. P. 21a.  Therefore, notice was sufficient.  We overrule Rogers’s first issue that service and notice were inadequate.

Rogers’s
final issue complains of the trial judge taking judicial notice of the prior
injunction hearing against FH1.  A trial judge may not take judicial notice of
prior testimony without a transcript of the testimony being admitted into
evidence.  Roberts v. Roberts, No. 10-05-00134-CV, 2006 WL 301099, at *2
n.4 (Tex. App.—Waco Feb. 8, 2006, pet. denied) (not designated for publication).
 However, failure to object at the time notice is taken waives this error.  Id.  We overrule Rogers’s second issue.

FH1

10-06-00167-CV

 

In its sole issue, FH1 complains the trial court
abused is discretion in granting the temporary injunction.  Through several
sub-points, FH1 argues that: 1) DSA failed to show a probable right of recovery
in that the covenant not to compete is unenforceable; 2) DSA failed to prove a
probably injury; and 3) the temporary injunction as written is too broad and
too vague to be enforceable.

The applicant must plead and prove three elements
to obtain a temporary injunction: (1) a cause of action against the defendant;
(2) a probable right to the relief sought; and (3) a probable, imminent, and
irreparable injury in the interim.  Butnaru, 84 S.W.3d at 204.  FH1 contends
that the covenant not to compete signed by DSA employees is invalid and
therefore, cannot be enforced by a temporary injunction.  However, an appeal of
an order granting a temporary injunction based on these types of business
agreements does not present for appellate review the ultimate question of
whether the agreement is enforceable.  Tom James of Dallas, Inc. v. Cobb,
109 S.W.3d 877, 882-83 (Tex. App.—Dallas 2003, no pet.).  Instead, we construe FH1’s
argument to be that DSA cannot show a probable right of recovery on any cause
of action.  Id.

To show a probable right to recovery DSA need only
allege a cause of action and “offer evidence that tends to support the
right to recovery on the merits.”  Monsanto Co v. Davis, 25 S.W.3d 773,
786 (Tex. App.—Waco 2000, no pet.) (emphasis added).  DSA’s managing director
produced a copy of its employment agreement.[1]  The
covenant restricts former employees from working for a competing business within
fifty miles of DSA’s home office for two years.  It also prohibits a former
employee from contacting DSA employees about employment for twelve months.  The
director testified that these restrictions were necessary to protect the
formula used to determine fees charged to clients, creditor contacts, and other
confidential information.  FH1 offered no conflicting evidence.  Therefore, DSA
produced sufficient evidence tending to support the right to recovery, and the
trial court did not abuse its discretion in determining there was a probable
right of recovery.  See Tom James, 109 S.W.3d at 885-88.

FH1 contends that former DSA employees have not divulged
confidential information nor acted in a way to breach the duty of loyalty, and
therefore, no probable injury has been proven.  At the hearing, DSA offered testimony
that three former employees worked for FH1.  Conflicting testimony was offered regarding
other DSA employees who had been approached by FH1 or had themselves inquired
about moving to FH1.  The evidence showed that each of these employees had
knowledge of DSA’s confidential information.  Further DSA’s director testified
that profits had declined since FH1 hired DSA employees and money damages could
not compensate the company for the divulging of its fee formula and other
information.  DSA presented evidence that Rogers was being employed by FH1 in
violation of his covenant not to compete.  FH1’s vice president, a former DSA
employee, testified that FH1’s business was structured differently and that knowledge
of DSA’s fees and contact is inapplicable to their system.  Also, he testified
that he never used DSA’s confidential information.

Proof of a continued breach of a covenant not to
compete by a highly-trained employee constitutes prima facie proof of a
probable injury.  EMSL Analytical, Inc. v. Younker, 154 S.W.3d 693, 696
(Tex. App.—Houston [14th Dist.] 2004, no pet.).  If the trial court bases its
decision on the temporary injunction on conflicting evidence, its decision is
generally not an abuse of discretion.  Davis, 571 S.W.2d at 826; see
also Paul v. Merrill Lynch Trust Co., 183 S.W.3d 805, 812 (Tex. App.—Waco
2005, no pet.).  Therefore, the trial court did not abuse its discretion in
finding DSA had shown a probable injury.

Finally, the injunction prohibits FH1 from
“seeking or causing to induce or inducing any current or former Plaintiff DSA
employee to breach his or her fiduciary duties and duties of loyalty to
Plaintiff DSA.”  FH1 argues this prohibition is too vague and too broad.  However,
FH1 failed to note any lawful act precluded under this statement or any act
whose legality would hinge on the ambiguity of the terms “fiduciary duty” and “duty
of loyalty.”

Rule of Civil Procedure 683 provides in pertinent
part that an order granting an injunction "shall be specific in
terms."  To satisfy this requirement, an injunction order must be as
precise as possible to inform the defendant of the acts he is restrained from
doing.  Halverson v. Podlewski, No. 10-05-00303-CV, 2006 WL 2884777, at
*4 (Tex. App.—Waco Oct. 11, 2006, pet. denied) (mem. op.) (citing San Antonio Bar Ass'n v. Guardian Abstract &
Title Co., 291 S.W.2d 697, 702
(1956)).  The defendant should not be required to draw inferences about which
persons may differ to determine what conduct is restrained.  See San
Antonio Bar Ass'n, 291 S.W.2d at 702.  Nonetheless, an injunction must be
broad enough to prevent repetition of the conduct sought to be enjoined.  Id.

Evidence showed that one DSA employee failed to
work normal hours and had low performance in the month preceding his move to
FH1.  Testimony showed that this decreased performance was a result of the
employee working for FH1.  The court enjoined FH1 from inducing or causing such
actions on the part of DSA employees.  Therefore, we hold the challenged terms
are sufficiently precise to satisfy Rule 693.

Nonetheless, the injunction is overly broad in
prohibiting FH1 from inducing such behavior from former employees.  The general
duty of loyalty an employee owes his employer ends with the employment
relationship.  See Johnson v. Brewer & Pritchard, P.C., 73 S.W.3d
193, 201 (Tex. 2002).  Therefore, we modify the temporary injunction to prohibit
FH1 from “seeking or causing to induce or inducing any current Plaintiff DSA
employee to breach his or her duty of loyalty to Plaintiff DSA.”

We sustain FH1’s sole issue on appeal insofar as
it contends that a portion of the temporary injunction is overbroad.  We modify
the temporary injunction against FH1 to prohibit interference with current DSA employees’
duty of loyalty.  We leave uncharged the remainder of the injunction and affirm
the order granting that injunction as modified.

Having overruled Rogers’s two issues, we affirm
the order granting the temporary injunction against Rogers in its entirety.

FELIPE REYNA

Justice

Before Chief Justice
Gray,

Justice
Vance, and

Justice
Reyna

Modified and Affirmed

Opinion delivered and
filed August 15, 2007

[CV06]

 

 

 









[1]
              The covenant not to compete was added to the employment agreement
after some DSA employees were hired. Rogers is the only DSA employee alleged to
have violated the covenant not to compete.