IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-11-00112-CR

 

Dayrin Lamond Robinson,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 

 



From the 40th District
Court

Ellis County, Texas

Trial Court No. 23761CR

 



MEMORANDUM  Opinion



 








Appellant Dayrin Lemond Robinson filed a
pro se notice of appeal.  Robinson is attempting to appeal the trial court’s
denial of his motion to dismiss indictment, motion to discharge (the restraints
and disabilities from the order of community supervision), and motion to
withdraw plea.  In an opinion issued last year, we detailed the background of
Robinson’s underlying case.  Ex parte Robinson, No. 10-10-00048-CR, 2010
WL 2629857 (Tex. App.—Waco June 30, 2010, no pet.) (mem. op., not designated
for publication).

In a letter dated April 19, 2011, the
Clerk of this Court warned Robinson that this appeal was subject to dismissal
for want of jurisdiction because it appeared that this Court does not have
jurisdiction of his appeal of the denial of his motion to dismiss indictment,
motion to discharge, and motion to withdraw plea.  See Abbott v. State, 271 S.W.3d 694 (Tex. Crim. App. 2008) (standard
for determining jurisdiction is not whether appeal is precluded by law, but
whether appeal is authorized by law); Everett v. State, 91 S.W.3d 386, 386 (Tex. App.—Waco
2002, no pet.) (stating that this court has jurisdiction over criminal appeals
only when expressly granted by law).  We warned Robinson that we would dismiss his
appeal unless, within 21 days, he showed grounds for continuing it.  Robinson has
not responded to the Clerk’s warning.

This appeal is dismissed for lack of
jurisdiction.

 

REX D. DAVIS

Justice

 

Before
Chief Justice Gray,

Justice Davis, and

Justice Scoggins

Dismissed

Opinion
delivered and filed May 25, 2011

Do
not publish

[CR25]

 






span> 
However, the will gave Lisa the power to seek removal of Merrill Lynch as “the
current fiduciary” and appointment of a replacement fiduciary.

          In early to mid-September 2002, after
Merrill Lynch accepted the estate as a client but before it qualified as
executor, Scott Luhnau, Merrill Lynch’s representative, began inspecting and
identifying the estate’s property.  Luhnau drove to College Station, inspected
the home and cars, and had the guns and jewelry appraised.  He met with Toni,
who told him that Ed had told her that she was to receive “all the cars” and
“everything in the house.”  Toni testified that Luhnau told her that she would
not be making decisions on the property.  Toni had previously gone to Ed’s
office and removed all of his personal property and mementos, storing them in
boxes as requested by Merrill Lynch.

          Faced with the marital agreement’s
disposition language and the will, Merrill Lynch, as independent executor, had
to determine Ed’s intent and decide what personal property (the “contents of
the home”) went to Toni under the marital agreement and what property passed
under the will to the estate and into the trust (property other than the
“contents of the home”).  After discussions with Toni and with some of Ed’s
business associates, including his bookkeeper, Merrill Lynch distributed to
Toni some of the property that Appellants later contested.  In its disposition
of Ed’s property, Merrill Lynch defined “contents of the home” as tangible
personal property contained in or associated with the residence structure and
lot, and tangible non-business personal property wherever located or usually
located.  Merrill Lynch concluded that Toni was entitled to the following
property:  eight vehicles;[2] a
watch collection and jewelry; and a gun collection that was being kept at Ed’s
office in a gun safe.[3] 
With respect to vehicles that Toni had sold, Merrill Lynch had Toni place the
proceeds in a separate Merrill Lynch account pending the resolution of the
brewing dispute over the property.

Procedural Background

          Appellants sued Merrill Lynch in
November 2003.  Their live pleading at the time of trial (Plaintiffs’ Fifth
Amended Original Petition) essentially claimed that Ed’s will revoked his
marital agreement with Toni and that Toni was not entitled to any of Ed’s
property as the “contents of the home.”  Appellants alleged that Merrill Lynch
committed gross misconduct and gross mismanagement by transferring property to
Toni, and they sought removal of Merrill Lynch as independent executor and
disgorgement of its executor fee ($175,000).  They sought actual damages
(approximately $625,000) on behalf of the estate caused by Merrill Lynch’s (1)
alleged failure to collect and gather all of the estate’s property and place it
in the trust, and (2) alleged breach of fiduciary duties under sections 230 and
233 of the Texas Probate Code.  Appellants asked for exemplary damages of
$500,000 and attorney’s fees.  Appellants did not request a declaratory
judgment or construction of any will provisions.

          Merrill Lynch filed a counterclaim
that added Toni as a third-party defendant.  Its live pleading at the time of
trial (Fifth Amended Counterclaim in the Form of Petition for Relief,
Declaratory Judgment and Constructive Trust) sought resolution of the contested
property in light of the provisions in the marital agreement and the will,
along with recovery of attorney’s fees.  Merrill Lynch specifically asked the
court to construe the marital agreement’s provision at issue, to declare the
owners of the contested property, to impose a constructive trust on any
property improperly given to Toni, and to award it attorney’s fees under the
Declaratory Judgments Act.[4] 
Alleging that it was defending in good faith Appellants’ claim to remove it as
independent executor, Merrill Lynch sought to recover its attorney’s fees under
section 149C(c) of the Probate Code.  Merrill Lynch also alleged that
Appellants were precluded from bringing their alleged derivative action by the no-derivative
action clause and the in terrorem clause and that they lacked standing
under these clauses as a result of their bringing claims.

          Toni’s original answer was a general
denial.  She subsequently filed a motion for leave to file a trial amendment to
allege a claim for attorney’s fees, and the probate court granted Toni leave.

          At trial, the parties focused on twelve
categories of property that Appellants contended were trust property (rather
than “contents of the home”) and on which Merrill Lynch sought declaratory
judgment and a constructive trust imposed on Toni if necessary.  Eight of those
twelve categories were cars.  The remaining categories were:  (1) the contents
of the home; (2) the contents of Ed’s office; (3) Ed’s gun collection; and (4)
Ed’s watch collection and jewelry.[5] 
At the close of Appellants’ case-in-chief, the probate court granted Merrill
Lynch’s motion for judgment in part and ordered that Appellants take nothing on
their damage claims on three of the cars,[6]
the contents of the home,[7]
and exemplary damages against Merrill Lynch based on fraud, specific-intent
malice, and bad faith.

After a four-day trial, the probate court
entered a final judgment that Appellants take nothing on all of their remaining
claims, rejecting Appellants’ claims to remove Merrill Lynch as independent
executor and to disgorge any fees and Appellants’ claim for exemplary damages
based on conscious-indifference malice.  The trial judge issued a helpful 52-page
Memorandum Opinion that formed the basis for its subsequent 29 pages of
findings of fact and conclusions of law.

On the other contested cars, the probate court
found that the 1995 Ferrari 355 Challenge was a gift from Ed to Toni.  It ruled
that the other four cars are personal property of the estate and should pass to
the trust as follows: (1) the 2001 Ferrari Spider; (2) the 2002 Porsche 911
Turbo; (3) the 2002 Subaru Impreza; and (4) the 1999 Ford Explorer.  These four
vehicles were all titled in Ed’s name, and because they all were personal
property that required a title for transfer,[8]
the probate court ruled that they were not “contents of the home.”[9]

As for the contents of Ed’s office—posters,
diplomas, pictures, model cars, etc. that had a de minimis value—that
were being stored by Toni, no damages were sought by Appellants, but the
probate court found that this property was an estate asset and should pass to
the trust.  The probate court imposed a constructive trust on the contents of
Ed’s office and the four cars found to belong to the estate, or on the proceeds
from the sale of these assets, and Toni was ordered to deliver these assets or
their proceeds to Merrill Lynch within thirty days.

The probate court found that the estate had
suffered no damage, did not lose the value of any of the contested property,
and did not lose the property itself from the decisions that Merrill Lynch made
on what property was “contents of the home.”  The probate court found that
Merrill Lynch’s decisions on the contested property were made in good faith and
that it successfully defended Appellants’ action to remove it as independent
executor in good faith.  Merrill Lynch was, however, ordered to post a $300,000
bond to protect the estate’s beneficiaries.

The probate court concluded that Ed’s gun
collection was being temporarily stored at Ed’s business and that it was Ed’s
intention to keep it in the home.  Thus, it came within the “contents of the
home” and was not the property of the estate; Appellants were to take nothing
on their damage claim relating to the gun collection.

On Merrill Lynch’s claim that Appellants were
violating the will’s no-derivative action and in terrorem clauses, the
probate court ruled that Appellants violated the no-derivative action clause in
part by filing a derivative action for damages on the estate’s behalf, in
violation of the in terrorem clause, but that Appellants had filed the
action in good faith and with probable cause and they did not forfeit the
bequests to them in the will.  Merrill Lynch does not appeal that ruling.

The probate court found that Appellants were not
entitled to recover their attorney’s fees, reasoning that they did not prevail
on their removal and disgorgement claims, that they prevailed on only five of
the twelve categories of property that Merrill Lynch had determined were
“contents of the home,” but even on those five categories, Merrill Lynch’s
determinations were within a zone of reasonable disagreement.  The probate
court also noted that Appellants had failed in their attempt to recover
exemplary damages.

Merrill Lynch was awarded attorney’s fees from
the estate in the sum of $153,246.32 at trial, an additional attorney’s fee of
$15,000 if Appellants unsuccessfully appeal to the court of appeals, and an
additional attorney’s fee of $8,000 if Appellants unsuccessfully appeal to the
Supreme Court of Texas.

Toni was awarded attorney’s fees from Appellants
in the sum of $46,764.80 at trial, an additional attorney’s fee of $15,000 if
Appellants unsuccessfully appeal to the court of appeals, and an additional
attorney’s fee of $8,000 if Appellants unsuccessfully appeal to the Supreme
Court of Texas.  Court costs were taxed against Appellants.

Issues

Appellants’ four issues are whether the probate
court erred: (1) in concluding that the gun collection was among the “contents
of the home,” rather than property of the trust; (2) in denying Appellants
recovery of their attorney’s fees; (3) in awarding Merrill Lynch attorney’s
fees; and (4) in awarding Toni attorney’s fees.

Analysis

The Gun Collection

Regarding Appellants’ first issue on the gun
collection, Merrill Lynch prefaces its response with an assertion that
Appellants do not have standing and have not preserved their complaint because
they did not seek in the probate court the relief that they now seek on appeal. 
Merrill Lynch correctly notes that it—not Appellants—pled claims for
declaratory relief (later dismissed by the probate court) and constructive
trust relating to the gun collection.  Appellants did not sue Merrill Lynch or
Toni for return of the gun collection to the estate by imposition of a
constructive trust or for a declaratory judgment on the ownership of the gun
collection.  While they did plead in the probate court that Merrill Lynch had
improperly transferred the gun collection to Toni in breach of its fiduciary
and statutory (Probate Code section 233) duties, Appellants sought only money
damages for these alleged breaches and Merrill Lynch’s removal and fee
disgorgement.  Appellants lost on these claims in the trial court and have not
appealed these adverse rulings.

In their first issue, Appellants are indirectly
attempting to do on appeal what they did not do in the probate court so as to
avoid violating the will’s no-derivative action and in terrorem clauses.[10] 
In their brief, Appellants state that they “challenge the trial court’s
determination that certain guns which were always stored in a gun safe at Dr.
Martinez’s office should be considered ‘contents of the home,’ and not included
in the assets of the estate.”  They ask us to find that the probate court’s characterization
of the gun collection as “contents of the home” was error, to reverse the
judgment in that respect, and to render judgment imposing a constructive trust
on the gun collection and the proceeds of any gun sales.  As noted above, it
was Merrill Lynch that asked the probate court to impose a constructive trust
on any property improperly given to Toni.

A party cannot complain on appeal about a trial
court’s failure to award relief when the party never pled for that relief in
the trial court.[11] 
Nor can a party complain about relief not awarded to another party; that party
lacks standing to make such a complaint.  The relief that Appellants seek on
appeal is the relief that the probate court refused to grant Merrill Lynch at
trial—the imposition of a constructive trust on the gun collection or on
proceeds from any gun sales.  In the probate court, Appellants sought only damages
from Merrill Lynch for its delivery of the gun collection to Toni.  Appellants
lack standing to seek constructive trust relief on appeal.

Furthermore, Appellants plainly did not plead a
cause of action for return of the gun collection, for declaratory relief
regarding the gun collection, or for imposition of a constructive trust on the
gun collection.  In addition to lacking standing to request the relief that was
not awarded to Merrill Lynch, Appellants also have not preserved their complaint
for appeal.  Tex. R. App. P.
33.1(a).  We overrule their first issue.

Appellants’ Attorney’s Fees

Section 245 of the Probate Code provides for the
recovery of reasonable attorney’s fees incurred in obtaining compliance
regarding any statutory duty that the personal representative has neglected.  Tex. Prob. Code Ann. § 245 (Vernon Supp. 2005).  Arguing that because the probate court imposed a constructive trust on
five of the twelve categories of contested property as a result of Merrill
Lynch’s alleged neglect, Appellants in their second issue complain that the
trial court abused its discretion in refusing to award them their attorney’s
fees.

An appellate court reviews a trial court’s
decision on the award of attorney’s fees for an abuse of discretion.  Bocquet
v. Herring, 972 S.W.2d 19, 21 (Tex. 1998).  “Whether to award
attorney's fees, and to which party, is a decision that is solely within the
trial court's discretion and will not be reversed absent a clear abuse of that
discretion.”  Sammons v. Elder, 940 S.W.2d 276, 284 (Tex. App.—Waco
1997, writ denied).  A trial court abuses its discretion when it acts
“without reference to any guiding rules or principles,” or stated another way,
when the trial court acts in an arbitrary and unreasonable manner.  City of
San Benito v. Rio Grande Valley Gas Co., 109 S.W.3d 750, 757 (Tex. 2003) (quoting Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 242 (Tex. 1985)).  An abuse of discretion does not occur when a trial court bases its decision
on conflicting evidence.  Goode v. Shoukfeh, 943 S.W.2d 441, 446 (Tex. 1997); Davis v. Huey, 571 S.W.2d 859, 862 (Tex. 1978).

The probate court specifically concluded that
Merrill Lynch did not fail to use due diligence in recovering property belonging
to the estate.  And the probate court noted that on the five times that it
disagreed with Merrill Lynch on the categorization of property as estate
property or “contents of the home,” those disagreements were within the zone of
reasonable disagreement and amounted to approximately only 7% of the value of
the entire estate.  Merrill Lynch adds that it was not Appellants, but Merrill
Lynch, which initially sued for a constructive trust and for declaratory relief
on the contested property.  Additionally, in its decision to deny Appellants
recovery of their attorney’s fees, the probate court emphasized that Appellants
had lost on their claims to remove Merrill Lynch and to disgorge its executor’s
fee.  On the other hand, the probate court found that in some instances Merrill
Lynch’s conduct deviated from the ordinary standard of care and in some
instances may have been inadvertent, but the conduct did not rise to the level
of willful, malicious, or bad-faith conduct.

Based on the above and on the probate court’s
extensive and careful consideration of all the evidence and claims in this
case, we cannot say that the probate court abused its discretion in refusing to
award Appellants attorney’s fees.  Appellants’ second issue is overruled.

 

 

Merrill Lynch’s Attorney’s Fees

Appellants’ third issue challenges the probate
court’s award of attorney’s fees to Merrill Lynch.  The probate court found
that Merrill Lynch defended Appellants’ removal action in good faith and was
entitled to recover its attorney’s fees under section 149C(c) of the Probate
Code.  That section permits an independent executor to recover necessary
expenses, including attorney’s fees, if it defends an action for removal in
good faith, “whether successful or not.”  Tex.
Prob. Code Ann. § 149C(c) (Vernon 2003).  “[A]n executor acts in good
faith when [it] subjectively believes [its] defense is viable, if that belief is
reasonable in light of existing law.”  Lee v. Lee, 47 S.W.3d 767, 795 (Tex. App.—Houston [14th Dist.] 2001, pet. denied).

Merrill Lynch prevailed on Appellants’ claim to
remove it as independent executor for alleged gross misconduct or gross
mismanagement.  Appellants have not appealed the probate court’s ruling on their
removal claim.  Appellants’ brief points out several instances of Merrill
Lynch’s conduct that served as the basis for their removal claim, but those
instances do not pertain to Merrill Lynch’s defense of the removal action in
good faith.  Moreover, Appellants do not point to any actual harm that they
suffered, and the probate court specifically found that the estate suffered no
actual harm or damages from Merrill Lynch’s incorrect categorization of some of
the contested property.

The probate court did take issue with the
reasonableness of Merrill Lynch’s interpretation that the phrase “contents of
the home” included “personal property wherever located,” but in finding that
Merrill Lynch defended the action in good faith, the court noted that the
estate was not harmed and again that Merrill Lynch’s disagreements were reasonable.
The probate court did not abuse its discretion in awarding Merrill Lynch
attorney’s fees.  We overrule Appellants’ third issue.

Toni’s Attorney’s Fees

Finally, in their fourth issue, Appellants complain
of the probate court’s award of attorney’s fees to Toni, recoverable from
Appellants.  They assert that the probate court abused its discretion in
granting Toni leave to file a trial amendment, that no legal basis for the award
exists, and that Toni did not substantially prevail.

In Appellants’ earlier, superseded petitions,
they specifically sued Merrill Lynch for declaratory relief on the terms of the
will and the marital agreement, alleging that Toni had forfeited her benefits
under the will because of her alleged violations of the in terrorem clause. 
But in their live trial pleading, Appellants were not requesting a declaratory
judgment or construction of any will provisions.

In response to Appellants’ suit, Merrill Lynch
filed a counterclaim, adding Toni as a third-party defendant and seeking declaratory
relief on the property being contested by Appellants.  As noted above, during
trial the probate court dismissed the part of Merrill Lynch’s counterclaim that
sought declaratory relief and attorney’s fees under the Declaratory Judgments
Act.

At the time of trial, Toni’s answer consisted of
only a general denial.  She thus filed a motion for leave to file a trial
amendment to allege a claim for attorney’s fees, and the probate court granted
Toni leave.  Toni’s amended answer requested an award of attorney’s fees “as
are reasonable and necessary to defend her against the claims of the Plaintiff
[Appellants] and Defendant [Merrill Lynch].”  Toni did not seek declaratory or
any other affirmative relief.

Thus, no party was seeking declaratory relief
under the Declaratory Judgments Act or attorney’s fees under the Act at trial. 
See Tex. Civ. Prac. & Rem.
Code Ann. §§ 37.001-.011 (Vernon 1997 & Supp. 2005).  A prevailing
party cannot recover attorney’s fees from an opposing party unless permitted by
statute or a contract between the parties.  Holland v. Wal-Mart
Stores, Inc., 1 S.W.3d 91, 95 (Tex. 1999).  Section 37.009 provides that
“[i]n any proceeding under this chapter, the court may award costs and
reasonable and necessary attorney’s fees as are equitable and just.”  Tex. Civ. Prac. & Rem. Code Ann. §
37.009 (emphasis added).

The probate court found that Appellants’ and
Merrill Lynch’s live pleadings implicitly sought declaratory relief;[12]
as a basis for awarding Toni her attorney’s fees, it relied on Edwards
Aquifer Auth. v. Bragg, 21 S.W.3d 375, 381 (Tex. App.—San Antonio 2002)
(court has discretion to construe pleading as containing implicit request for
declaratory judgment), aff’d, 71 S.W.3d 729 (Tex. 2002).  Bragg
does not address, however, either the propriety of an attorney’s fee award to
any party or whether a claim the implicitly requests declaratory relief can
properly be treated as a claim under Chapter 37.

Because this case does not involve any claims
under Chapter 37, there was no legal basis to award Toni attorney’s fees, and
the probate court erred in awarding Toni attorney’s fees under Chapter 37.  We sustain Appellants’ fourth issue.

 

Conclusion

We delete from the probate court’s final
judgment the award of attorney’s fees to Toni.  Because Appellants have been
unsuccessful as to Merrill Lynch in this appeal, Merrill Lynch is entitled to
recover an additional attorney’s fee of $15,000 from the estate.  As modified,
the judgment is affirmed.

 

 

 

BILL VANCE

Justice

 

Before
Chief Justice Gray,

Justice Vance, and

Justice Reyna

Affirmed
as modified

Opinion
delivered and filed December 14, 2005

[CV06]








 









    [1]       An
“in terrorem clause,” also called a no-contest clause, is a
“testamentary provision that threatens to dispossess any beneficiary who challenges
the terms of a will.”  Black’s Law
Dictionary 1073 (8th ed. 2000).





    [2]       Those
eight vehicles were: two Ferrari road cars parked in their usual place in the
marital home’s garage; a 2002 Porsche that was usually parked in the garage but
was out for repairs; a personal-use Ford Explorer usually parked either at the
home or office; a personal-use Subaru parked at the office; a 2001 Porsche and
a 1995 Ferrari given to Toni as gifts; and Toni’s personal Mercedes parked at
the home.

 





    [3]       Luhnau
had Toni sign a receipt and release dated October 31, 2002, pertaining to all
of Ed’s property that she had received:  the contents of the home, including a
gun collection and a watch collection; a 2001 Ferrari 360 Spider Modena; a 2000
Ferrari 550 Maranello; a 2002 Porsche 911 Turbo; a 1999 Ford Explorer; and a
2002 Subaru Impreza.





    [4]       During
trial, the probate court granted in part Appellants’ motion to dismiss by
written order, dismissing Merrill Lynch’s claim for declaratory relief as to
the contested property, the trust, or Toni, and dismissing Merrill Lynch’s
claim for attorney’s fees to the extent it was based on the Declaratory
Judgments Act.





    [5]       At
the start of the trial, Appellants amended their pleading to remove the jewelry
and the watch collection as contested assets.  The probate court thus found
that the jewelry and the watch collection were contents of the home, not trust
property.

 





    [6]       Specifically,
the probate court granted Merrill Lynch’s motion for judgment without objection
by Appellants on their damage claims as to these three cars:  (1) the 2000
Ferrari 550 Maranello (whose debt exceeded its value and which had been
surrendered); (2) the 2001 Porsche 911 (whose debt exceeded its value); and (3)
the Mercedes ML 55-AMG, for which no title evidence was adduced and which Toni
claimed as her personal car.

 





    [7]       On
two grounds the probate court ruled against Appellants that all of Ed’s
personal property that could be “contents of the home” passed to the trust: 
(1) applying section 4.005 of the Family Code, the will did not revoke Ed and
Toni’s marital agreement; and (2) the marital agreement was not an invalid
testamentary transfer of Ed’s entire estate under section 450 of the
Probate Code.

 





    [8]       The
probate court found that “contents of the home” was ambiguous, so it utilized
section 58 of the Probate Code in ruling on the cars.  That section defines
“contents” as “tangible personal property, other than titled personal property,
found inside of or on a specifically bequeathed or devised item.”  Tex. Prob. Code Ann. § 58(d)(1) (Vernon
2003).  And it defines “titled personal property” to include motor vehicles.  Id. § 58(d)(2).

 





    [9]       Toni
testified that Ed had given the Explorer to his stepdaughter Nina (Toni’s child
from a previous marriage) but that she could not drive it until she entered
college.  Because a rift developed between Ed and Nina, in his codicil Ed
deleted a $100,000 bequest to Nina and deleted practically every reference to
Nina.  The probate court thus concluded that Ed never “delivered” the Explorer
to Nina as a gift.





    [10]      The
probate court found that Appellants had violated the no-derivative action
clause in part but nonetheless did not forfeit Appellants’ bequests under the
will.  No issue about these rulings is presented on appeal.

 





    [11]      A
claim, issue, or allegation may not be raised for the first time on appeal.  Adams v. First Nat’l Bank, 154 S.W.3d 859, 871 (Tex. App.—Dallas 2005, no
pet.) (“A claim that was not presented to the trial court cannot be considered
on appeal.”); Carrizales v. Tex. Dep’t Prot. & Reg. Servs., 5 S.W.3d
922, 925 (Tex. App.—Austin 1999, pet. denied) (“As a rule, a party may not raise an
issue, even a constitutional claim, for the first time on appeal.”);
General Ass’n Branch Davidian Seventh Day Adventist v. McLennan County
Appraisal Dist., 715 S.W.2d 391, 393 (Tex. App.—Waco 1986, no writ) (issue
may not be raised for first time on appeal); see also California Dep’t of
Mental Hygiene v. Bank of the Southwest, N.A., 354 S.W.2d 576, 581 (Tex.
1962) (“An allegation raising this contention is not contained in petitioner’s
pleadings and was not raised in the trial court.  The issue cannot be raised
for the first time on appeal.”).

 

Additionally, Appellants’
general prayer for relief in their petition is insufficient to cure the absence
of the specific claim and relief that they are seeking for the first time on
appeal; a general prayer for relief must be consistent with the claims in the
petition.  See Kissman v. Bendix Home Sys., Inc., 587 S.W.2d 675, 677
(Tex. 1979) (“Only the relief consistent with the theory of the claim reflected
in the petition may be granted under a general prayer.”); Stoner
v. Thompson, 578 S.W.2d 679, 684 (Tex. 1979) (general prayer for relief
cannot
“enlarge a pleading to the extent that it embraces an entirely different cause
of action for which fair notice does not exist.”).





    [12]      Given
the issues in this case involving construction of the will and the marital
agreement, the probate court necessarily had to construe and interpret these
documents.  See Tex. Prob. Code
Ann. § 5(f) (Vernon 2003) (probate court has “power to hear all matters
incident to an estate”); id. § 5A(a) (“incident to an estate” includes
“actions to construe will”); see also McRae Exploration & Prod. Co. v. Reserve
Petroleum Co., 962 S.W.2d 676, 684-85 (Tex. App.—Waco 1998, pet. denied)
(reversing attorney’s fee award because suit was action for trespass to try
title, not for declaratory judgment).