**Opinion issued June 6, 2024**



In The

# Court of Appeals

For The

# First District of Texas

_____

### NO. 01-22-00936-CV

_____

**IN THE GUARDIANSHIP OF SAMANTHA LUGO,
AN INCAPACITATED PERSON**

---

**On Appeal from Probate Court No. 4
Harris County, Texas
Trial Court Case No. 382193**

---

### MEMORANDUM OPINION

Appellant, Regions Bank, as Trustee of the Section 1301 Management Trust for Samantha Lugo, an incapacitated person (the "Bank"), challenges the trial court's order to pay attorney's fees to appellee, Newman Law Firm ("Newman"), in connection with its representation of Guadalupe Lugo ("Guadalupe"), in her application for appointment as successor guardian of Samantha's person. In five

issues, the Bank contends that the trial court erred in awarding Newman the attorney's fees that it incurred in representing Guadalupe.

We affirm.

## Background[1]

Samantha is an adult who has been "completely incapacitated" since a medical incident that occurred when "she was less than one year old."  The medical incident left her with brain damage that caused mental and physical disabilities, "inhibit[ed] her ability to speak," and "cause[d] her [to have] seizures."  In "settlement of a medical malpractice claim, Samantha received [a] substantial settlement payment" and a lifetime annuity, which are in a trust managed by the Bank.

Samantha requires constant "supervision and care" and "will be incapacitated for the rest of her life."  Since infancy, Samantha has lived with her mother, Guadalupe, who is her "primary caregiver and supporter."  Guadalupe attends to Samantha's "daily needs, which include bathing, feeding, self-care, medication, all activities of daily living, selection of physicians, and handling of all medical appointments."

---

[1]    As none of the Bank's issues on appeal challenge the trial court's findings of fact, we draw on them to describe the events relevant to this appeal.  We note that this is not the first time that this case and the parties have been before this Court.  *See In re Guardianship of Lugo*, No. 01-22-00438-CV, slip. op. at 1–20 (Tex. App.—Houston [1st Dist.] June __, 2024, no pet. h.) (mem. op.); *In re Guardianship of Lugo*, No. 01-21-00403-CV, 2022 WL 17835520, at *1–12 (Tex. App.—Houston [1st Dist.] Dec. 22, 2022, no pet.) (mem. op.).

On August 30, 2016, the trial court appointed Samantha's older sister and Guadalupe's daughter, Guadalupe Leticia Lugo ("Tish"), "as permanent guardian" of Samantha's person. On June 25, 2020, the Bank filed a motion to remove Tish as guardian of Samantha's person. "Tish resigned as guardian," and "[o]n December 22, 2020, Newman filed a notice of appearance on behalf of [Guadalupe]." Guadalupe then "announced her intention to apply for the role of successor guardian" of Samantha's person.

Acting on behalf of Guadalupe, Newman filed an application for Guadalupe's appointment as successor guardian of Samantha's person. In it, Guadalupe "request[ed] [that she] be appointed as [s]uccessor [g]uardian" of Samantha's person. Guadalupe explained that she was Samantha's mother, "live[d] with [her] and ha[d] been providing daily care and life decisions for [Samantha] since [her] infancy." Guadalupe also noted that she "ha[d] priority to serve" as Samantha's guardian, "[wa]s qualified[,] and [wa]s not disqualified from accepting letters of guardianship." The application was accompanied by an affidavit executed by Guadalupe, in which she attested that "such [a]pplication contain[ed] a correct and complete statement of the matters to which it relate[d] and all the contents thereof [were] true, complete and correct."

Newman filed a motion to withdraw as counsel for Guadalupe on November 12, 2021, which the trial court granted. In March 2022, Newman filed an application

3

for payment of attorney's fees and expenses incurred in representing Guadalupe (the "application"). "In support of the application, Newman attached a [v]erification and invoices supporting accrued fees and expenses totaling $135,912.37." The Bank filed an objection to the application but did "not file a controverting affidavit or offer any evidence in response to the [a]pplication."

On August 19, 2022, Ginger Lott, a paid private professional guardian who had been appointed successor guardian of Samantha's person, filed a response and objection to the application. But "Lott did not file a controverting affidavit or offer any evidence in response at the time."

On August 22, 2022, Newman, through its counsel, filed an amended application for attorney's fees (the "amended application"). In the amended application, Newman specified that it was claiming fees under Texas Estates Code section 1155.054, and it attached affidavits to the amended application "in support of [its] entitlement" to, "and [the] reasonableness/necessity of[,] [its] incurred attorney[']s fees and costs." Newman requested payment of $135,912.37 from the trust for attorney's fees and expenses incurred in the period between December 15, 2020 through November 12, 2021, when Newman was representing Guadalupe.

Newman also attached to the amended application an affidavit executed by Guadalupe, in which Guadalupe attested "to the reasons she hired [Newman] and sought to become guardian" of Samantha's person. "Specifically, [Guadalupe]

4

attested that she provide[d] care-giving services and supervision to Samantha" and her intent in hiring Newman was "to help her become the official guardian for Samantha." Guadalupe explained that she wanted to be Samantha's guardian because she had "always taken care of Samantha" and wanted Samantha "to always live with [her]."

Lott filed a supplement to her response and objection to the amended application on September 23, 2022. On the same date, the Bank filed its first amended objection to the amended application. The Bank asserted that "reimbursement of attorney['s] fees and expenses pursuant to [Texas Estates Code] [s]ection 1155.054 would not be warranted" because Guadalupe was found to lack standing. The Bank also alleged that some of the fees that Newman sought were incurred in connection with Newman's representation of Tish, and not Guadalupe, and thus were not eligible for reimbursement. Further, the Bank maintained that the attorney's fees sought "to pursue the guardianship application" were not necessary or reasonable, and the hourly rate sought was excessive.

On September 26, 2022, Guadalupe filed a joinder in Newman's amended application, in which she "join[ed] in, incorporate[d] by reference, and fully adopt[ed] in its entirety the [amended application]," and she explained that she "wanted [Newman] to be paid since she was unable" to pay Newman. Also, on that date, Newman filed its reply in support of its amended application. In it, Newman

5

pointed out that Texas Estates Code section 1055.001(b) prohibited persons with an adverse interest from filing an application to create a guardianship, contesting the creation of a guardianship, contesting the appointment of a guardian, or contesting an application for complete restoration or modification of a ward's guardianship, and it did not apply to an application for the appointment of a guardian.

On September 27, 2022, Regions Bank filed a supplement to its first amended objection, and Newman filed its notice of the Bank's failure to file controverting affidavits on the reasonableness and necessity of attorney's fees. At the time of the hearing on Newman's amended application, no party "had filed any affidavit to rebut [Guadalupe]'s [a]ffidavit," making her affidavit "the only filed pleading in evidence in the record of [Guadalupe]'s honesty of intention and her reasonable belief in the propriety of the application she filed." No other party "had filed any opposition or objection to [Guadalupe]'s [a]ffidavit."

At the September 27, 2022 hearing on the amended application, the trial court heard testimony from David Cook, the Bank's expert witness. Cook opined that Guadalupe "wouldn't be entitled to any attorney's fees under [Texas Estates Code section] 1154.054" because, after she filed her application "to be appointed as a successor guardian" of Samantha's person, she "was found to have an adverse interest and so, her application was never ruled upon."

6

As to whether the attorney's fees sought by Newman in the amended application were "reasonable and necessary," Cook disputed the hourly rate charged by Newman for its attorneys. Noting that Newman had represented both Guadalupe and Tish, Cook also observed that the amended application was "not clear" about whether the fees "were expended on behalf of Tish" or "on behalf of [Guadalupe]," and he believed that fees sought for "litigation related to the removal of [the Bank] as trustee," "for insurance claims," and for representation in connection with Samantha's relationship with her half-brothers "were neither reasonable nor necessary" for the appointment of the successor guardian. And Cook believed that Newman's claims did not reflect any offsets for fee payments that it had reportedly received. Cook admitted that he had not conducted a line-by-line review of the invoices attached to Newman's amended application, but he estimated that only about twenty percent of the legal fees sought by Newman would be "reasonable and necessary."

On October 13, 2022, the trial court signed an order granting the amended application and ordering the Bank to pay Newman $97,081.07 in attorney's fees and expenses out of funds from the trust. In its conclusions of law, the trial court determined that "all [the] requirements of [Texas Estates Code] section 1155.054 were met and supported" the attorney's-fee award. Section 1155.054's "purpose [wa]s to allow an award of attorney's fees for a person who s[ought] to be appointed

7

as a guardian." The Bank's assertion that attorney's fees could be awarded only at the party's request failed because, even assuming that the application for payment of attorney's fees by the person, as opposed to the person's attorney, was necessary, Guadalupe had "fully supported and joined [Newman's amended] application."

As to the scope of the representation reflected in the amended application, the trial court observed that "[a] 'guardianship proceeding' was broadly defined as 'a matter or proceeding related to a guardianship or any other matter covered by [Texas Estates Code Title 3],'"[2] which included a proceeding to appoint a guardian. And Guadalupe's application for appointment as successor guardian of Samantha's person "constitute[d] a guardianship proceeding for which she ha[d] standing." Thus, the trial court concluded that "at all times during Newman's representation, [Guadalupe] had standing to seek appointment as successor guardian."

Further, the trial court found that Guadalupe had acted in good faith and for just cause in prosecuting her application for appointment as successor guardian of Samantha's person. As Samantha's mother and primary caregiver, Guadalupe "would typically have had priority status to serve as [the] successor guardian of Samantha's person but for the adverse interest that arose between [Guadalupe and Samantha], which prevented [Guadalupe] from becoming a successor guardian."

---

[2]     *See* TEX. EST. CODE ANN. § 1002.015.

For those reasons, the trial court determined that Newman was entitled to recover its attorney's fees under Texas Estates Code section 1155.054.

As to the reasonableness and necessity of the attorney's fees sought by Newman, the trial court observed that the itemized invoices submitted by Newman met the requirements of Texas Civil Practice and Remedies Code section 18.001 "as guided by the Harris County Probate Court Standards for Attorney Fees in Probate and Guardianship Law Matters."[3]  No party timely filed a controverting affidavit as required by statute and the testimony offered at the September 27, 2022 hearing by the Bank was "conclusory and unreliable."  The trial court determined that recoverable fees were not limited to "fees incurred in preparing the application itself," but extended to other matters that were "inextricably intertwined" with "carry[ing] out" Guadalupe's "desire to be named successor guardian" of Samantha's person.  Thus, the trial court concluded that "the amounts charged" by Newman "were reasonable and the services were necessary" and that "an award of $97,081.07 to Newman [wa]s equitable and just."

**Statutory Eligibility to Recover Attorney's Fees**

---

[3]  *See Standards for Court Approval of Attorney Fee Applications*, https://probate.harriscountytx.gov/Portals/probate/Documents/Standards%20for%20Attorney%20Fees.pdf (effective Oct. 1, 2022).

In its first issue, the Bank argues that the trial court erred in awarding attorney's fees to Newman because Texas Estates Code section 1155.054 did not allow it to request or recover its fees.

When issues involve the interpretation of a statute, we apply a de novo standard of review. *See MCI Sales & Serv., Inc. v. Hinton*, 329 S.W.3d 475, 500 (Tex. 2010); *In re Guardianship of Burley*, 499 S.W.3d 196, 199 (Tex. App.—Houston [14th Dist.] 2016, pet. denied). Our objective in interpreting a statute is to ascertain and give effect to the legislature's intent as expressed in the language of the statute. *Youngkin v. Hines*, 546 S.W.3d 675, 680 (Tex. 2018). We interpret statutory terms "according to their plain and common meaning, unless a contrary intention is apparent from the context, or unless such a construction leads to absurd results." *Id.* "[W]e must look to the plain language, construing the text in light of the statute as a whole." *Silguero v. CSL Plasma, Inc.*, 579 S.W.3d 53, 59 (Tex. 2019); *see also Youngkin*, 546 S.W.3d at 680 ("[L]egislative intent derives from an act as a whole rather than from isolated portions of it."). We "endeavor to read the statute contextually, giving effect to every word, clause, and sentence." *In re Off. of Att'y Gen.*, 422 S.W.3d 623, 629 (Tex. 2013). "The statutory terms bear their common, ordinary meaning unless the text provides a different meaning or the common meaning leads to an absurd result." *Id.* A court "may not impose its own

judicial meaning on a statute by adding words not contained in the statute's language." *Id.*

Texas Estates Code section 1155.054, the attorney's-fee provision at issue, states, in pertinent part:

(a) A court that creates a guardianship or creates a management trust under [c]hapter 1301 [of the Estates Code] for a ward, on request of a person who filed an application to be appointed guardian of the proposed ward, an application for the appointment of another suitable person as guardian of the proposed ward, or an application for the creation of the management trust, may authorize the payment of reasonable and necessary attorney's fees, as determined by the court, in amounts the court considers equitable and just, to an attorney who represents the person who filed the application at the application hearing, regardless of whether the person is appointed the ward's guardian or whether a management trust is created, from available funds of the ward's estate or management trust, if created, subject to [s]ubsections (b) and (d).

. . . .

(c) The court may not authorize attorney's fees under this section unless the court finds that the applicant acted in good faith and for just cause in the filing and prosecution of the application.

(d) If the court finds that a party in a guardianship proceeding acted in bad faith or without just cause in prosecuting or objecting to an application in the proceeding, the court may order the party to reimburse the ward's estate for all or part of the attorney's fees awarded under this section and shall issue judgment against the party and in favor of the estate for the amount of attorney's fees ordered to be reimbursed to the estate.

. . . .

11

The Bank first argues that Newman was unqualified to apply for attorney's fees under section 1155.054 because such fees are available only "on request of a person who filed an application to be appointed guardian of the proposed ward."

The attorney-client relationship is one of agency. *Hanks v. Hanks*, No. 01-20-00205-CV, 2022 WL 2309394, at *2 (Tex. App.—Houston [1st Dist.] June 28, 2022, no pet.) (mem. op.); *see also Gavenda v. Strata Energy, Inc.*, 705 S.W.2d 690, 693 (Tex. 1986); *In re Guardianship of Lugo*, No. 01-21-00403-CV, 2022 WL 17835520, at *11 (Tex. App.—Houston [1st Dist.] June 28, 2022, no pet.) (mem. op.); *Nagle v. Duncan*, 570 S.W.2d 116, 117 (Tex. App.—Houston [1st Dist.] 1978, writ dism'd) (attorney incurring expenses in connection with litigation is ordinarily acting as an agent for litigant and attorney is not personally liable for such expenses unless attorney expressly or impliedly assumes special liability therefor). Because the attorney-client relationship is one of agency, we do not interpret the statutory language that "a person who filed an application to be appointed guardian" as requiring the applicant to make a pro se request for payment of the fees she owes to her attorney.

The practicalities of assembling a fee application also support this interpretation. The attorney, and not the client, has the duty to provide an affidavit and supporting documents that satisfy statutory and other legal requirements to qualify for fee payment. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 18.001 (affidavit

12

executed by person charging for service that states amount charged was reasonable at time and place service was provided and service was necessary is sufficient to support finding that amount charged was reasonable and service was necessary); *see also J.R. Richard Enters., Inc. v. Niz*, No. 01-20-00124-CV, 2020 WL 7391710, at *4 (Tex. App.—Houston [1st Dist.] Dec. 17, 2020, no pet.) (mem. op.); *Petrello v. Prucka*, 415 S.W.3d 420, 431 (Tex. App.—Houston [1st Dist.] 2013, no pet.). The fees requested for Newman's past representation of Guadalupe were necessarily for Guadalupe's benefit, since she was the person otherwise obliged to pay them. And in any event, Guadalupe joined in Newman's amended application, incorporated it by reference into her joinder, and approved of Newman's request for attorney's fees, which made clear that Newman's request was also Guadalupe's request.[4]

Next, the Bank argues that Newman is not entitled to recover fees under Texas Estates Code section 1155.054(a) because it did not "represent[] the person who filed

---

[4] To the extent that the Bank complains that Guadalupe's joinder was inadequate because it was not verified, it waived this complaint by failing to timely object on this ground in the trial court. *See* TEX. R. APP. P. 33.1(a); *In re Marriage of Sandoval*, 619 S.W.3d 716, 722 (Tex. 2021) (complaint purported affidavit was not sworn to before authorized officer was waived by failure to object in trial court); *Houston ANUSA, LLC v. Shattenkirk*, No. 14-20-00446-CV, --- S.W.3d ---, 2023 WL 5437714, at *5 n.2 (Tex. App.—Houston [14th Dist.] Aug. 24, 2023, no pet.) (appellant waived objection that appellee failed to verify response to motion to compel arbitration by failing to assert it in trial court); *see also State Farm Fire & Cas. Co. v. Morua*, 979 S.W.2d 616, 620 (Tex. 1998) (complaint that opponent failed to verify supplemental responses to interrogatories was waived by failure to make timely objection; "verification is intended to promote, among other things, meaningful cross-examination at trial; it is not intended to promote 'gotcha' gamesmanship").

13

the application *at the application hearing.*" (Emphasis added.) *See* TEX. EST. CODE ANN. § 1155.054(a). We do not interpret this descriptive language in section 1155.054(a) as disqualifying Newman from recovering the attorney's fees incurred in representing Guadalupe in the filing and prosecution of her application for appointment as successor guardian of Samantha's person simply because Newman withdrew from representation before a hearing was held. The language relied on by the Bank does not limit the trial court to awarding fees only for the attorney's representation of the applicant at the hearing. Rather, the trial court "may authorize the payment of reasonable and necessary attorney's fees . . . in amounts the court considers equitable and just." *Id.* Interpreting the provision as the Bank urges would conflict with the broad discretion conferred on the trial court to award an "equitable and just" amount of fees to an applicant who "acted in good faith and for just cause in the filing and prosecution of the application," and thus yield an absurd result. *See id.* § 1155.054(a), (c); *In re Off. of Att'y Gen.*, 422 S.W.3d at 629.

We hold that the trial court did not err in concluding that Newman was entitled to recover attorney's fees under Texas Estates Code section 1155.054.

We overrule the Bank's first issue.

### Standing

In its second issue, the Bank argues that the trial court erred in concluding that Guadalupe had standing to seek attorney's fees because it also determined she had

14

an adverse interest and thus lacked standing to participate in the guardianship proceeding.[5]

In asserting that Guadalupe is precluded from recovering her attorney's fees, the Bank relies on Texas Estates Code section 1055.001(b), which provides:

> (b) A person who has an interest that is adverse to a proposed ward or incapacitated person may not:
>
> (1) file an application to create a guardianship for the proposed ward or incapacitated person;
>
> (2) contest the creation of a guardianship for the proposed ward or incapacitated person;
>
> (3) contest the appointment of a person as a guardian of the proposed ward or incapacitated person; or
>
> (4) contest an application for complete restoration of a ward's capacity or modification of a ward's guardianship.

TEX. EST. CODE ANN. § 1055.001(b).

Here, though, Guadalupe did not file an application to create a guardianship; the guardianship already existed. And section 1055.001(b) does not expressly prohibit a person with an adverse interest from applying for appointment as guardian, although it does prohibit such a person from contesting the appointment of another person as guardian. *See id.* § 1055.001(b)(3). But even if section

---

[5] We note that we have reversed the trial court's ruling that Guadalupe lacked standing and remanded the case for further proceedings in a related appeal. *See In re Guardianship of Lugo*, slip. op. at 1–20. That disposition, though, does not affect our analysis here.

15

1055.001(b) prohibited a person with an adverse interest from applying for appointment as guardian, Guadalupe did not lack standing when she filed her application for appointment as successor guardian of Samantha's person. She was not adjudicated as having an interest adverse to Samantha until after Newman had withdrawn from representation.

"Standing is determined at the time suit is filed in the trial court, and subsequent events do not deprive the court of subject matter jurisdiction." *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.3d 440, 446 n.9 (Tex. 1993); *see also In re Guardianship of Benavides*, No. 04-19-00801-CV, 2020 WL 7365454, at *4 (Tex. App.—San Antonio Dec. 16, 2020, no pet.) (mem. op.) (limine order determined person's standing only for particular phase, not for every future phase of guardianship proceeding); *Guardianship of Gafford*, No. 01-17-00634-CV, 2019 WL 2127597, at *3 (Tex. App.—Houston [1st Dist.] May 16, 2019, no pet.) (mem. op.) (finding no support for proposition that trial court's grant of limine order ruling that party lacked standing to contest application to appoint another as permanent guardian of person precluded that party from later appealing final order appointing permanent guardian of person). Because Guadalupe had standing to seek appointment as successor guardian of Samantha's person "at all times during Newman's representation," we hold that the trial court did not err in concluding that

16

Guadalupe had standing to request payment of the attorney's fees charged by Newman in representing her during that period.

We overrule the Bank's second issue.

## Challenge to Attorney's Fee Award

In its third, fourth, and fifth issues, the Bank argues that the trial court erred in concluding that Newman's fees were reasonable and necessary and that the amount of the fee award was equitable and just because Newman failed to segregate unrecoverable fees and Guadalupe did not act in good faith or for just cause in filing her application for appointment as successor guardian of Samantha's person.

As noted above, Texas Estates Code section 1155.054 provides that a trial court that creates a guardianship "may authorize the payment of reasonable and necessary attorney's fees, as determined by the court, in amounts the court considers equitable and just" to an attorney who represented an applicant, whether or not the applicant is appointed as guardian, as long as "the court finds that the applicant acted in good faith and for just cause in the filing and prosecution of the application." TEX. EST. CODE ANN. § 1155.054(a), (c).

We review a trial court's award of attorney's fees in a guardianship proceeding for an abuse of discretion. *See In re Guardianship of A.B.*, 630 S.W.3d 489, 493 (Tex. App.—Eastland 2021, pet. denied); *Meduna v. Holder*, No. 03-02-00067-CV, 2003 WL 124214, at *2 (Tex. App.—Austin Jan. 16, 2003, no

17

pet.) (mem. op., not designated for publication). Thus, we will reverse the trial court's attorney's-fee award only if the trial court acted without reference to any guiding rules and principles, such that its ruling was arbitrary or unreasonable. *In re Guardianship of A.B.*, 630 S.W.3d at 493; *Meduna*, 2003 WL 124214, at *3.

Whether attorney's fees are reasonable and necessary is a question of fact. *Bocquet v. Herring*, 972 S.W.2d 19, 21 (Tex. 1998); *Petrello*, 415 S.W.3d at 431. Where, as here, the party contesting fees did not file a controverting affidavit in the trial court challenging the applicant's requested attorney's fees as unreasonable or unnecessary, we presume that the fees requested are reasonable and necessary.[6] *See* TEX. CIV. PRAC. & REM. CODE ANN. § 18.001(b); *Petrello*, 415 S.W.3d at 431–32. Further, to the extent that the Bank, on appeal, relies on Cook's testimony from the September 27, 2022 hearing contesting the attorney's fee award on appeal, it has not challenged the trial court's conclusion that such testimony was "conclusory and

---

[6]     The Bank also argues that the fees were not reasonable or necessary because of the manner in which Newman's invoices segregated recoverable from unrecoverable fees. Parties seeking attorney's fees must "segregate fees between claims for which they are recoverable and claims for which they are not." *Tony Gullo Motors I, L.P. v. Chapa*, 212 S.W.3d 299, 311 (Tex. 2006). Newman informed the trial court that it had segregated recoverable fees from unrecoverable fees in its invoices. To the extent that the Bank takes issue with how Newman segregated its fees and how it characterized some items for which it sought fees as "inextricably intertwined" with its representation of Guadalupe related to her application for appointment as successor guardian of Samantha's person, absent a timely filed affidavit challenging specific entries in Newman's invoices on those grounds, there is nothing for this Court to review. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 18.001; *Petrello v. Prucka*, 415 S.W.3d 420, 431–32 (Tex. App.—Houston [1st Dist.] 2013, no pet.); *see also* TEX. R. APP. P. 33.1(a).

18

unreliable." Thus, Cook's testimony does not raise a fact issue as to the reasonableness or necessity of the attorney's fees sought by Newman. *See Petrello*, 415 S.W.3d at 431-32 ("When no controverting affidavit is filed, mere criticism of the amount of attorney's fees sought does not create a fact issue" as to their reasonableness or necessity).

Also, according to the Bank, the attorney's-fee award was not equitable and just because Guadalupe did not pursue her application in good faith and for just cause. Whether a fee award is "equitable and just" is not a question of fact "because the determination is not susceptible to direct proof but is rather a matter of fairness in light of all the circumstances." *Ridge Oil Co. v. Guinn Invs., Inc.*, 148 S.W.3d 143, 162 (Tex. 2004). Determining the amount of an "equitable and just" fee award is a question committed to the trial court's sound discretion. *Id.*

An applicant for appointment as guardian acts in good faith and for just cause if she subjectively believes her application is viable, if that belief is also reasonable in light of existing law. *See Paul v. Merrill Lynch Trust Co. of Tex.*, 183 S.W.3d 805, 811–12 (Tex. App.—Waco 2005, no pet.); *Lee v. Lee*, 47 S.W.3d 767, 795 (Tex. App.—Houston [14th Dist.] 2001, pet. denied). The Bank does not dispute that Guadalupe, as Samantha's mother and primary caretaker since Samantha's birth, had a statutory preference to be appointed guardian over other potential applicants. *See* TEX. EST. CODE ANN. § 1104.102(2). The Bank generally points to the allegations

19

in its motion in limine about whether Guadalupe was qualified to serve as guardian of Samantha's person, but it does not identify any specific facts or evidence which would indicate Guadalupe believed her application was not viable or that such a belief would be unreasonable in light of existing law. *See Paul*, 183 S.W.3d at 811–12; *Lee*, 47 S.W.3d at 795. The Bank's allegations about Guadalupe's qualifications do not provide a basis for second-guessing the trial court's determination that Guadalupe acted in good faith and for just cause in prosecuting her application for appointment as successor guardian of Samantha's person.

Based on the foregoing, we hold that the trial court did not err in concluding that Newman attorney's fees were reasonable and necessary and that the amount of the fee award was equitable and just.

We overrule the Bank's third, fourth, and fifth issues.

## Conclusion

We affirm the order of the trial court.

Julie Countiss
Justice

Panel consists of Justices Goodman, Countiss, and Farris.